**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

In Re: B.B.

No. 15-0406 (Preston County 14-JA-37)

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother M.B., by counsel Natalie J. Sal, appeals the Circuit Court of Preston County's April 3, 2015, order terminating her parental rights to B.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Virginia Jackson Hopkins, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in revoking her post-adjudicatory improvement period and in terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition and alleged that the parents previously had their parental rights to an older child involuntarily terminated. Thereafter, in October of 2014, petitioner entered into a stipulated adjudication and admitted that she exposed the child to abuse and neglect by failing to correct the issues of substance abuse and domestic violence that led to the prior involuntary termination of her parental rights to an older child. The circuit court granted petitioner a post-adjudicatory improvement period. As a condition thereof, petitioner was to have no contact with the child's father because of the domestic violence he previously perpetrated. Although the DHHR obtained legal custody of the child, he was allowed to remain in petitioner's physical custody during these proceedings.

In February of 2015, the DHHR filed a motion to revoke petitioner's improvement period because she failed to comply with the terms and conditions thereof. Specifically, the DHHR alleged that petitioner failed to screen for substance abuse and continued to have contact with the child's father. Three days later, the circuit court held a hearing that petitioner failed to attend in

_____

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

person, though she was represented by counsel. The circuit court then revoked petitioner's post-adjudicatory improvement period and set the matter for disposition.

Later that same month, the circuit court held a dispositional hearing that petitioner again failed to attend in person. She was again represented by counsel, however. The circuit court heard ample testimony concerning petitioner's non-compliance, including the fact that she only submitted to one drug screen in the four months her improvement period was on-going; that she failed to call the DHHR's hotline to see if she needed to report for screening; that she failed to screen after a December of 2014 hearing, despite the fact that the office where she was to submit was in the same courthouse; that she had not received services for domestic violence since 2013; and that she did not complete parenting or life skills training, despite having completed a parenting workbook with her provider. As such, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's revocation of petitioner's post-adjudicatory improvement period or in its termination of petitioner's parental rights.

First, petitioner argues that the evidence did not support revocation of her improvement period because she substantially complied with the services provided and that her reason for failing to fully comply was a lack of transportation. The Court, however, does not agree. In addressing improvement periods, we have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period before the [applicable] time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). While it is true that petitioner complied with some services, it is undisputed that petitioner failed to comply with services designed to remedy issues of domestic violence and substance abuse, the same issues upon which the circuit court previously terminated her parental rights to her older child.

Specifically, the circuit court was presented with evidence that petitioner failed to contact the DHHR's drug testing hotline in order to participate in drug screens as required by her improvement period. On appeal, petitioner alleges that this failure to comply was caused primarily by her lack of transportation and that the DHHR failed to take steps to allow her to submit for screening closer to her home. The Court, however, is not persuaded by this argument, especially in light of the fact that petitioner was directed to submit for drug screening following a hearing she attended, but exited the courthouse without complying with that direction. As such, it is clear that even when transportation was not an issue, petitioner failed to comply with the terms and conditions of her improvement period. Moreover, petitioner failed to attend the hearing on the DHHR's motion to revoke her improvement period, despite her counsel's offer to provide transportation. Additionally, the DHHR received reports that petitioner and the child's father, who perpetrated domestic violence against her, were seen together in violation of the circuit court's prohibition on contact between the two as a term of her improvement period. As such, it is clear the circuit court had sufficient evidence to find that petitioner was not making the necessary progress in her improvement period, and we find no error in the revocation of the same.

As to petitioner's argument that the circuit court erred in terminating her parental rights, we find no error in this regard. According to petitioner, the circuit court's finding that there was no reasonable likelihood the conditions of abuse or neglect could be substantially remedied was clearly erroneous. However, the Court disagrees in light of the voluminous evidence that petitioner failed to respond to or follow through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child. Pursuant to West Virginia Code § 49-6-5(b)(3), such a condition constitutes a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. The circuit court's finding in this regard was supported not only by the evidence outlined above as set forth at the hearing on the DHHR's motion to revoke petitioner's improvement period, but by further evidence of her noncompliance with the circuit court's orders.

Specifically, at disposition, the circuit court heard evidence that petitioner did not complete her in-home services, which did not require transportation on petitioner's part, and that she had not contacted her service provider for approximately two months. Further, the circuit court heard evidence that petitioner failed to remain in contact with the DHHR generally during her improvement period. Moreover, petitioner failed to participate in domestic violence counseling as ordered. Evidence established that she last contacted the organization that was to provide this service in 2013, prior to the initiation of the current abuse and neglect proceedings, and that she never completed the program at that time. As such, it is clear the circuit court had ample evidence upon which to find that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate a parent's parental rights upon these findings.

While petitioner argues there was no danger to the child because he was left in her physical custody throughout these proceedings, the Court does not agree. The record is clear that petitioner resided with her mother and grandmother, both competent caregivers, throughout these

proceedings. Although the child was allowed to remain in petitioner's care with assistance from her family, the fact remains that the same conditions of abuse and neglect, namely domestic violence and substance abuse, were not remedied during either of her two abuse and neglect proceedings. This is specifically evidenced by petitioner's failure to comply with services designed to remedy these issues. Because these issues persisted, the child's welfare was absolutely threatened.

Moreover, the Court finds no merit to petitioner's argument that the child's best interests are served by remaining with his biological mother. This argument fails to take into account the persistent issues of abuse and neglect in the home, and further ignores our prior holdings wherein we have stated as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

For the foregoing reasons, we find no error in the decision of the circuit court and its April 3, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4